UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-07798-JLS-JC                                    Date: November 21, 2024
Title: Perry Bruno et al v. Dr. Squatch, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) TO SHOW CAUSE RE JURISDICTION AND (2) CONTINUING HEARING ON PLAINTIFF'S MOTION TO REMAND SET FOR NOVEMBER 22, 2024

Plaintiffs Perry Bruno and Victor Guzman (collectively "Plaintiffs") have moved to remand the present action to state court.  (Mot., Doc. 15.)  In general, the motion to remand is based on this Court's alleged lack of equitable jurisdiction and untimeliness of removal by Defendant Dr. Squatch LLC.  The Court concludes that it cannot adequately address Plaintiffs' motion without an additional showing by Defendant as to the basis for this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Even with the liberalized removal standard promulgated by CAFA, "there must still be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-07798-JLS-JC | Date: November 21, 2024 |
| Title: Perry Bruno et al v. Dr. Squatch, LLC | |

requisite amount in controversy that exceeds $5 million." *Id.* "[A] removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. (citing *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)).

    Defendant asserts in its Notice of Removal that the amount-in-controversy exceeds $5,000,000. (Notice of Removal ("NOR"), ¶ 30, Doc. 1.) In support, Defendant has submitted a barebones declaration stating that "[b]ased on Plaintiffs' allegation that the products are sold [for] no less than $10-$14 per 8 oz., and based on sales data of the number of units sold during the alleged class period" it "determined that the amount sought by Plaintiffs exceed[ed] $5,000,000." (Mendheim Decl. ISO NOR ¶ 6, Doc. 1-4.) Defendant provides no further information as to its sales data or the products sold during the class period. (*See id.*) Yet, apparently based on this purported calculation, Defendant believes that attorneys' fees calculated at 25% of the "total relief" sought and a potential punitive damages award based on a 2:1 punitive-compensatory damages ratio further demonstrate that the amount-in-controversy exceeds $5,000,000. (NOR ¶¶ 31-2.) This is insufficient.

    Typically, a Defendant claiming that CAFA's amount-in-controversy requirement is met in class actions of this nature states with more particularity *how* it calculates the damages in controversy and *what* those calculations yield as to a damages estimate; *how* it estimates attorneys' fees with reference to evidence of attorneys' fees awards in similar cases, and *what* that estimate is; and *what* figure it estimates as punitive damages. Defendant has done none of this here, leaving the Court without sufficient information to determine whether CAFA's amount-in-controversy requirement is satisfied. *See Moe v. GEICO Indem. Co*., 73 F.4th 757, 761–62 (9th Cir. 2023). Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*." *Id.* at 762 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-07798-JLS-JC                                      Date: November 21, 2024
Title: Perry Bruno et al v. Dr. Squatch, LLC

Accordingly, Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, explaining why CAFA's amount-in-controversy requirement is met and addressing the deficiencies in its Notice of Removal as addressed herein. Plaintiff has **seven (7) days** thereafter to submit any response. No further briefing is permitted. The parties' briefing shall not exceed **five (5) pages**, not including any declaration(s). The hearing on Plaintiffs' Motion to Remand set for November 22, 2024, at 10:30 a.m. is CONTINUED to December 20, 2024, at 10:30 a.m.

Initials of Deputy Clerk: kd