UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-07798-JLS-JC                                       Date: December 19, 2024
Title: Perry Bruno et al v. Dr. Squatch, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| :---: | :---: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFFS'
                  MOTION TO REMAND (Doc. 15)**

Before the Court is a Motion to Remand filed by Plaintiffs' Perry Bruno and Victor Guzman (collectively "Plaintiffs").  (Mot., Doc. 15.)  Defendant Dr. Squatch LLC ("Defendant") opposed, and Plaintiffs responded.  (Opp., Doc. 19; Reply, Doc. 21.)  On November 21, 2024, the Court ordered supplemental briefing regarding its jurisdiction, which Plaintiffs and Defendant timely submitted.  (OSC, Doc. 22; Def.'s Reply to OSC, Doc. 29; Pl.'s Reply to OSC, Doc. 27.)  Having considered the parties' briefs, and for the following reasons, the Court DENIES Plaintiffs' Motion.

**I.      BACKGROUND**

On November 17, 2022, Plaintiff Perry Bruno filed a putative class action in Los Angeles Superior Court against Defendant, alleging that Defendant labels its products with false and misleading claims that its products are "natural" when, in fact, they contain synthetic ingredients.  (Ex. A-1 to Mot., Bruno Compl., Doc. 15-1.)  The Complaint alleged violations of California's False Advertising Act ("FAL"), Cal. Bus & Prof. Code §§ 17500 *et seq.* and California's Unfair Business Practices Act ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  (*Id.* ¶¶ 52–79.)  Bruno served his Complaint on Defendant on November 22, 2022.  (Ex. 11 to Ex. B of Notice of Removal ("NOR"), Doc. 1-2.)  On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                      Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

March 20, 2023, Bruno amended his Complaint to add a claim under California's Consumer Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code § 1750 *et seq*. (Ex. A-2 to Mot., Bruno FAC, Doc. 15-2.)  Bruno served the FAC on Defendant that same day. (*Id.*) Bruno's FAC alleged that he purchased a deodorant product manufactured by Defendant at "a price premium" and sought to represent a Nationwide class and a California subclass of consumers who purchased any of fifteen products manufactured by Defendant. (*Id.* ¶¶ 11, 49, 56–69.) Bruno's FAC defined the proposed nationwide Class as "[a]ll persons within the United States who purchased the Products within four years prior to the filing of the Complaint through the date of class certification" and the proposed California subclass as "[a]ll persons within California who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification." (*Id.* ¶¶ 57–58.) Bruno sought, among other things, an injunction, actual damages suffered by Bruno and Class Members or full restitution of all funds, punitive damages, statutory enhanced damages, attorneys' fees and costs, and pre- and post-judgment interest. (*Id.* ¶¶ 61, 85.)

      On September 27, 2023, Plaintiff Victor Guzman filed his putative class action against Defendant in Los Angeles Superior Court, alleging that the labeling of Defendant's "Cypress Coast Men's Natural Shampoo" is false and misleading. (Ex. B to Mot., Guzman Compl. ¶¶ 23–24, 101–129, Doc. 15-3.) Guzman served his Complaint on Defendant on October 30, 2023. (Ex. 79 to Ex. C of NOR, Doc. 1-3.) Guzman's Complaint brought claims for violations of the UCL, FAL, CLRA, and Breach of Express Warranty. (Guzman Compl. at ¶¶ 101–129.) Guzman alleged that he purchased a shampoo product manufactured by Defendant "between September 2020 and [September 27, 2023]" and sought to represent a class of "[a]ll persons in California who purchased the Product in California during the statutes of limitations for each cause of action alleged." (*Id.* ¶¶ 66, 91.) Guzman sought, among other things, an injunction, restitution and disgorgement, compensatory damages, punitive damages, attorneys' fees, costs, and pre- and post-judgment interest. (*Id.* at 19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

On June 7, 2024, Bruno moved to consolidate the *Bruno* action and the *Guzman* action.  (Ex. 53 to Ex. B of NOR, Doc. 1-2.)  The motion was unopposed.  (Ex. C to Mot., Doc. 15-4.)  On August 7, 2024, the state court granted the motion for consolidation and ordered the two cases be "consolidated … for all purposes."  (*Id.*)  The state court further ordered that *Bruno* would be designated the lead case, that all future filings should be made in only that lead case, and that a consolidated complaint be filed by August 14, 2024.  (*Id.*)

Plaintiffs Bruno and Guzman filed a consolidated Second Amended Complaint (the "Consolidated Complaint") on August 15, 2024, alleging violations of the UCL, FAL, CLRA, and Breach of Express Warranty.  (Ex. A to NOR, Consolidated Compl., Doc. 1-1.)  The Consolidated Complaint alleges that Defendant "intentionally label[ed]" 21 products "with false and misleading claims that they are natural, when [the] products contain synthetic ingredients."  (*Id.* ¶¶ 1, 10.)  Plaintiffs' Consolidated Complaint also newly alleges that Defendant's products are sold for "approximately not less than $10-$14 per 8 oz[.]"  (*Id.* ¶¶ 61.)  Plaintiffs bring their claims on behalf of themselves and a nationwide Class defined as "[a]ll persons within the United States who purchased the Products within four years prior to the initial filing of the Complaint through the date of class certification" and a California subclass of "[a]ll persons within California who purchased the Products within four years prior to the initial filing of this Complaint through to the date of class certification."  (*Id.* ¶¶ 68–69.)  The Consolidated Complaint seeks, among other things, injunctive relief, actual damages or full restitution, punitive damages, statutory enhanced damages, attorneys' fees and costs, and pre- and post-judgment interest.  (*Id.* ¶¶ 1, 126.)

On September 12, 2024, Defendant removed the action to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (NOR at 7.)  To satisfy the amount-in-controversy requirement, Defendant "tak[es] into account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                                    Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

Plaintiffs' requests for restitution on behalf of themselves and all class members at an amount of no less than $10-$14 per 8 oz (Compl. ¶ 61), punitive damages calculated at a 2:1 ratio to the restitutionary relief, and attorneys' fees calculated at 25% of Plaintiffs' total requested relief." (NOR ¶ 34.) In support of removal, Defendant also submitted a declaration from Danielle Mendheim, who serves as Defendant's Director of Data and Technology. (Mendheim Decl. ISO NOR, Doc. 1-4.) Mendheim states that "[b]ased on Plaintiffs' allegation that the products are sold [for] no less than $10-$14 per 8 oz., and based on sales data of the number of units sold during the alleged class period" she "determined that the amount sought by Plaintiffs exceed[ed] $5,000,000." (*Id.* ¶ 6.)

Plaintiffs moved to remand the case on October 11, 2024. (Mot.)

On November 21, 2024, the Court ordered Defendant to explain with more particularity why CAFA's amount-in-controversy requirement is met. (OSC.) In response, Defendant stated that it "reviewed records" to "provide unit sales information for a variety of products [it] sold" during the alleged class period. (Mendheim Decl. ISO Def.'s Reply to OSC ¶ 6, Doc. 29-1.) From this, Defendant's supplemental briefing calculates that Plaintiffs' claimed damages for the 21 products specifically named in Plaintiffs' Consolidated Complaint "would be approximately $5.88 million" based on an alleged per unit price of $1.25 per ounce (according to Plaintiffs' lowest alleged price of $10 per ounce) and a 3% price premium. (Def.'s Reply to OSC at 4.) Separately, because Plaintiffs' Consolidated Complaint seeks damages "including, but not limited to" 21 specifically named products, Defendant calculated that damages for *all* of its products labeled as natural "would be approximately $5.45 million" based on an alleged per unit price of $1.25 per ounce and a .5% price premium. (*Id.* at 4.)[1]

---

[1] Defendant also included amounts for attorneys' fees and punitive damages in their calculations. Because the damages alone meet CAFA's amount-in-controversy threshold, the Court need not address these additional amounts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                    Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

In response, Plaintiffs contested removal on the basis that "the sales data and example price premiums that Defendant [submitted in response to the OSC] show that Defendant could have offered sales data and example price premiums to remove Bruno's case in November 2022." (Pl.'s Reply to OSC at 2.)  Alternatively, Plaintiffs argued that the information submitted in Defendant's response to the Court's Order to Show Cause is "irrelevant to establishing CAFA jurisdiction" because, as Defendant argued in opposition to remand, the "amount in controversy for removal purposes must be determined within the four corners of the pleading." (*Id.*)

## II.     LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)).  Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  However, the party seeking removal bears the burden of establishing federal subject matter jurisdiction under CAFA.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC               Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

"A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  Under 28 USC § 1446(b) a defendant must remove a case to federal court "(1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives 'an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F. 3d 1185, 1189 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(1) and (b)(3)) (italics omitted).  "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make a further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  However, a defendant may remove a CAFA case "outside the two thirty-day periods [contained in 28 U.S.C. § 1446(b)] on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125.

### III.  ANALYSIS

Plaintiffs argue that remand is proper because (1) the Court does not have equitable jurisdiction over Plaintiffs' claim for restitution under California's Unfair Competition Law and (2) Defendant's removal was untimely under 28. U.S.C. § 1446(b). (Mot. at 10–24.)

#### A.  Plaintiffs' Equitable Claim Does Not Preclude Removal

As to Plaintiff's first argument, the Court will not remand this action for lack of equitable jurisdiction.  "A district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001).  Here, the Court has subject-matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-07798-JLS-JC | Date: December 19, 2024 |
| Title:  Perry Bruno et al v. Dr. Squatch, LLC | |

jurisdiction over the bulk of Plaintiffs' claims pursuant to CAFA.  *Id.*  Even assuming that the Court lacks the ability to award the restitution Plaintiffs seek, remanding this entire action would not be the appropriate recourse.  *Id.*  The Court therefore turns to Plaintiffs' argument that removal was untimely.

### B.  Defendant's Removal Was Timely

Defendant argues that this case first became removable under CAFA upon Plaintiffs' filing of the Consolidated Complaint on August 15, 2024, making its September 12, 2024 removal timely.  (Opp. at 22.)  In support of its argument, Defendant asserts that neither the *Guzman* nor the *Bruno* action was removable prior to consolidation.  *(Id.* at 22–25.)  The Court addresses each argument in turn.

#### 1.   The *Guzman* Complaint

Plaintiffs do not contend that the *Guzman* action was removable prior to consolidation.  Indeed, it was not: no federal question was presented because Guzman asserted only state law claims on behalf of himself and a California class, and there was no jurisdiction under CAFA due to a lack of minimal diversity as both Guzman and Dr. Squatch are citizens of California. (Guzman Compl. ¶¶ 60, 61, 91, 101–129.)  *See also* 28 U.S.C. §§ 1331, 1332.

Because the *Guzman* action was not removable prior to consolidation, Defendant asserts that its consolidation with the *Bruno* action '"destroy[ed] the identity of each suit and merge[d] them into one.'"  (Opp. at 23–24 (quoting *City of Oakland v. Abend*, 2007 WL 2023506, *4 (N.D. Cal. July 12, 2007).)  Therefore, "[t]he *Guzman* action became removable only after its consolidation . . . and the filing of the Consolidated Complaint." (*Id.* at 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                              Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

    Under California law, cases consolidated for all purposes, as here, "are to be treated as if the causes had been united originally." *McClure, on Behalf of Caruthers v. Donovan*, 33 Cal. 2d 717, 722 (1949); *see also People ex rel. Camil v. Buena Vista Cinema*, 57 Cal. App. 3d 497, 500 (Ct. App. 1976) ("Where actions are consolidated [ ] the allegations of the complaints can be treated as one pleading.").  Furthermore, a state court's consolidation of two separately filed state court actions requires a federal court to treat the consolidated case "as if one single complaint had been filed on [the date of the first-filed action.]"  *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 931 (9th Cir. 2015).  Accordingly, "it is necessary to view [*Guzman*] and [*Bruno*] as a single consolidated class action that was united originally, rather than as two separate class actions filed at different times."  *Id.* at 930; *accord Kropp v. Sterling Sav. & Loan Ass'n*, 88 Cal. Rptr. 878, 885 (1970) ("[T]he actions are viewed as if the same plaintiff or plaintiffs had filed a single complaint on joined causes of action against the same defendant or defendants." (internal quotation marks and citation omitted)).

    Considering *Guzman* and *Bruno* as a single consolidated class action that was "united originally" makes clear that the relevant inquiry is not whether *Guzman*, standing alone, was removable upon its date of filing in state court.  *See Bridewell-Sledge*, 798 F.3d at 930.  Rather, the Court must view the actions "as if the same plaintiffs had filed a single complaint."  *Kropp*, 88 Cal. Rptr. at 885.  The relevant inquiry, then, is whether *Bruno* was removable prior to consolidation.

    **2.**    **The *Bruno* Complaint**

    Defendant asserts that the *Bruno* action was not removable prior to consolidation because it was not ascertainable from the face of the complaint[2] whether CAFA's $5

---

[2] While Defendant's opposition and the Court's analysis focus on the *Bruno* FAC, received by Defendant on March 20, 2023, the Court's discussion is equally applicable to the original *Bruno* complaint.  (*See* Opp. at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                                     Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

million amount-in-controversy requirement was met.[3]  (Opp. at 25.)  Specifically, Defendant contends that the *Bruno* FAC did not allege "1) how much [Bruno] was seeking to recover in this lawsuit, (2) how many products were sold or purchased during the relevant class period; or (3) what price [Bruno] and other purported class members paid for their alleged purchases."  (*Id.*)  By contrast, the Consolidated Complaint "for the first time allege[d] the 'premium price'" paid for the products at issue—an allegation that "created grounds for, and started the thirty-day window for, removal."  (*Id.*)

In determining the amount in controversy under CAFA, courts "first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million."  *Id.*  "A defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'"  *Mortley*, 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).  However, a Defendant may investigate "to determine whether [a] case [is] removable" and subsequently file a notice of removal.  *Roth*, 720 F.3d at 1126.

Having reviewed Defendant's supplemental briefing in response to the Court's Order to Show Cause, the Court is satisfied that removal of this case was proper.  The

---

[3] Defendant does not contest that the *Bruno* action, which brought allegations on behalf of a nationwide class, was not removable under CAFA for lack of minimum diversity or class numerosity.  (*See* Opp. 25–27; *see also* Bruno FAC ¶ 57.)  Accordingly, the Court addresses only CAFA's $5 million amount-in-controversy requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07798-JLS-JC                                          Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

face of the initial *Bruno* pleading did not affirmatively reveal information to trigger removal, because the initial pleading did not allege an amount in controversy, much less how many of Defendant's products were sold during the class period and at what price. And whether Plaintiffs' allegation in the Consolidated Complaint that Defendant's products are sold for not less than $10-$14 per 8 ounces was sufficient to trigger the second thirty-day removal or whether Defendant's own investigation provided the necessary information for removal is irrelevant; a Defendant may remove a CAFA case "outside the two thirty-day periods [contained in 28 U.S.C. § 1446(b)] on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125.

    For this reason, the Court rejects Plaintiffs' argument that "Defendant could have offered sales data and example price premiums to remove Bruno's case in November 2022," because Defendant had no duty to investigate removal.  *Harris*, 425 F.3d at, 697. (Pl.'s Reply to OSC at 2.)  Even if Defendant "could have discovered grounds for removability through investigation, it [did] not lose the right to remove because it did not conduct such an investigation[.]"  *Roth*, 720 F.3d at 1125.  While the Court recognizes that "a theoretical possibility of abusive gamesmanship" exists in CAFA cases where a "defendant might delay filing a notice of removal until a strategically advantageous moment[,]" Plaintiffs here needed only to provide "to the defendant a document from which removability may be ascertained" so as to "protect themselves."  *Id.* at 1126. Plaintiffs give no indication that they provided Defendant such a document.

    Because Defendant's removal was timely, the Court turns to whether Defendant has sufficiently shown that CAFA jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-07798-JLS-JC                                          Date: December 19, 2024
Title:  Perry Bruno et al v. Dr. Squatch, LLC

       3.       **Determining CAFA Jurisdiction**

As reflected in Defendant's supplemental briefing, after receiving the Consolidated Complaint, Defendant "reviewed records" to "provide unit sales information for a variety of products [it] sold" during the alleged class period. (Mendheim Decl. ISO Def.'s Reply to OSC ¶ 6.)  In response to this Court's Order to Show Cause, Defendant included the figures with which it calculated Plaintiffs' damages, based on a formula of "Alleged Price Per Unit x Units Sold x Price Premium."  (Def.'s Reply to OSC at 4.)  Defendant's investigation calculates the amount-in-controversy to be in excess of $5 million, whether based on the 21 products specifically named in the Consolidated Complaint and a price premium of 3% or based on all of Defendant's products labeled as "natural" and a price premium of .5%.[4]  (*Id.* at 4–5.)

Thus, this Court has jurisdiction under CAFA.

**IV.**    **CONCLUSION**

Based on the foregoing, the Court DENIES Plaintiffs' Motion.

                                                                                    Initials of Deputy Clerk: kd

---

[4] While Plaintiffs have not put forward a price premium at this stage, Defendant's use of a 3% price premium accords with those calculated in other class actions involving "natural" label statements.  (Def.'s Reply to OSC at 4.)  *See e.g., Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 675 (plaintiff's expert asserted a 3% price premium).